UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ACLEKUNLE A. ONATOLU,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE COLLEEN MCMAHON,<br><br>Defendants, *et al.* | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-1021 (KMW-MJS)<br>Related Cases:<br>No. 25-1062<br>No. 25-1064<br>No. 25-1065<br>No. 25-1128<br>No. 25-1174<br>No. 25-1175<br>No. 25-2215<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff Aclekunle A. Onatolu's eight Complaints and corresponding Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Applications") pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Applications, all applications reflect nearly identical information: Plaintiff reports that they have a monthly income of $900.00 from disability related payments, and they do not list any expenses. IFP Application ¶¶ 1, 8. In three of Plaintiff's IFP filings, Plaintiff indicates that they are currently living in a mental health facility. IFP Application ¶ 11.

THE COURT FINDING that Plaintiff's income is modest, the Court grants the IFP Applications and proceeds to screen the Complaints as required pursuant to 28 U.S.C. §

1915(e)(2)(B).[1] Pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. Pursuant to Local Civil Rule 78.1(b), Plaintiff's matters will be decided on the papers without oral argument.

THE COURT NOTING that, pursuant to Federal Rule of Civil Procedure 42(a), where an action has common questions of law or fact, the court may consolidate the actions at issue; and

WHEREAS, the Court can consolidate actions *sua sponte*, *Kamdem-Ouaffo v. Task Mgmt.*, No. 18-298, 2018 WL 3360762 at *26 (D.N.J. Jul. 9, 2018); and

Here, Plaintiff has filed eight Complaints which all seem to pertain to an event that happened in the New York area in 2006, where Plaintiff contends they were discriminated against. Plaintiff requests $90,000,000.00 in damages in each matter and reports similar injuries of "brain damage at a mental health facility."[2] For example, in Case No. 25-1175, "CIA" is listed as the Defendant, and the facts state "bra[i]n damage, discrimination, pain and suffering, loss of income," in New York City in the year 2006. In Case No. 25-1174, the Defendant is listed as "Marsha Lewis," where Plaintiff lists similar facts: "pain and suffering, discrimination, had a baby" in New York City in the year 2006. In Case No. 25-1065, Plaintiff lists "Police Department" as the Defendant, listing "brain damage, loss of income, pain and suffering," in New York City and New Jersey in 2006, from "mental health treatment." Similarly, in Case No. 25-1062, Plaintiff lists "Kate Harvie" as the Defendant, asserting "false imprisonment[,] pain and suffering[,] loss of

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

[2] With regard to Case No. 25-2215, Plaintiff states that "Android" is the Defendant, and the facts simply state "defective phone." Plaintiff filed an additional "Motion" in Case No. 25-2215, however the only documents provided are a cover sheet indicating a "notice of motion" for $90,000,000.00 with a certification of service signed by Plaintiff. (ECF No. 2). This Court extends this Order to this Motion as well, dismissing it for the reasons discussed herein.

income[,] discrimination" in New York City in 2006. In Case No. 25-1064, Plaintiff lists "Mike Bloomberg" as the Defendant, asserting "brain damage[,] pain and suffering, loss of income" in New York City and New Jersey City in 2006. Finally, in Case No. 25-1021, Plaintiff lists "Judge Colleen McMahon" as the Defendant, asserting the facts of "brain damage, pain and suffering, loss of income," in New York City in 2006.

While the Court has the obligation to construe a pro se litigant's pleadings liberally, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025).

WHEREAS, Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." The Complaints here are devoid of any legal claims, making it impossible for the Court to ascertain if it has jurisdiction.

WHEREAS, to establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919,

2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* It is necessary to specifically state jurisdiction because if a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, other than stating they faced "discrimination," Plaintiff does not point to any federal laws that they believe were violated or the violation of any right pursuant to the Constitution of the United States. In addition, Plaintiff does not assert that this Court would have jurisdiction over the parties pursuant to diversity jurisdiction, having failed to even state the citizenship of any Defendant.

Thus, there is simply not enough information provided by Plaintiff to maintain any of their Complaints. Therefore,

IT IS HEREBY on this 14 day of May, 2025,

**ORDERED** that actions No. 25-1021, No. 25-1062, No. 25-1064, No. 25-1065, No. 25-1128, No. 25-1174, No. 25-1175, No. 25-2215 shall be consolidated for all purposes; and further

**ORDERED** that all filings in the consolidated action shall be made in the No. 25-1021 docket; and further

**ORDERED** that all of Plaintiff's claims[3] against Defendants are **DISMISSED WITHOUT PREJUDICE**; and further

---

[3] Plaintiff filed an additional "Motion" in Case No. 25-2215, however the only documents provided are a cover sheet indicating a "notice of motion" for $90,000,000.00 with a certification of service signed by Plaintiff. (ECF No. 2). This Court extends this Order to that Motion as well.

4

**ORDERED** that Plaintiff has thirty (30) days to amend their pleadings into a single, comprehensive Complaint in compliance with the Federal Rule of Civil Procedure 8, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

5